Filed 12/22/20  P. v. Espinoza CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>ROMELIO CORELIO ESPINOZA,<br><br>　　　Defendant and Appellant. | B304626<br><br>(Los Angeles County<br>Super. Ct. No. KA112725) |

　　　APPEAL from a judgment of the Superior Court of Los Angeles County, Bruce F. Marrs, Judge.  Affirmed.

　　　Victor J. Morse, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Stephanie C. Brenan and Nikhil Cooper, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

In the proceedings below, following remand for resentencing, the trial court imposed consecutive sentences of 15 years to life for seven of the eight counts of child molestation of which appellant Romelio Corelio Espinoza had been convicted (resulting in a sentence of 105 years to life). It also imposed various fines and fees without objection. On appeal, appellant argues the trial court abused its discretion in imposing consecutive (instead of concurrent) sentences because it failed to "adequately consider" his age at the time of sentencing, and further contends the court erred by imposing fines and fees without determining his ability to pay, in contravention of *People v. Dueñas* (2019) 30 Cal.App.5th 1157 and the Eighth Amendment of the United States Constitution. We conclude the court did not abuse its discretion in imposing consecutive sentences despite appellant's age, and appellant forfeited any argument regarding the fines and fees by failing to object when they were imposed. We therefore affirm.

## STATEMENT OF RELEVANT FACTS

### A.  *Background and Prior Appeal*

In 2017, a jury convicted appellant of three counts of oral copulation or sexual penetration involving a child 10 years of age or younger (counts 2, 3, & 6) and five counts of lewd or lascivious acts involving a child under the age of 14 (counts 1, 4, 5, 7, & 8). The jury also found true allegations

that appellant's crimes were committed against more than one victim (counts 1, 4, 5, 7, & 8). The court sentenced appellant to three years on count four, and 15 years to life on each of the remaining seven counts, to run consecutively, for a total of three years plus 105 years to life. The court also imposed several fines and fees, including a $10,000 restitution fine. The record discloses no objections to any of the fines or fees.

At sentencing in December 2017, the trial court remarked that "these charges are all covered by Penal Code section 667.6[, subdivision] (d), [California] Rule[s] of Court[, rule] 4.426(a)(2), certainly as to counts 1, 4, 5, 7 and 8, which call for consecutive mandatory sentences with different victims, full and separate sentences." After appellant appealed, this court affirmed his conviction in *People v. Espinoza* (Dec. 28, 2018, B286713) [nonpub. opn.], but vacated the sentences on counts 1, 4, 5, 7, and 8, holding that consecutive sentences were not mandatory. We then remanded for the court "to exercise its discretion to impose consecutive or concurrent terms under Penal Code section 667.61 on counts 1, 4, 5, 7, and 8." The remittitur issued on March 15, 2019.

## B. *Appellant Files a Motion to Vacate His Restitution Fine*

On April 4, 2019, appellant filed, in propria persona, a pleading entitled "Ex Parte Notice of Motion: Petitioner's Application Requesting Court Ordered Restitution Fine, to

Be Waived/Modified With Points and Authorities in Support of." Citing *Dueñas* and the Eighth Amendment of the United States Constitution, the pleading argued that the original $10,000 restitution fine imposed in December 2017 was unconstitutionally excessive and impermissibly imposed without determining his ability to pay. The trial court issued a minute order the next day denying appellant's motion, finding "there is no substantial right the defendant is attempting to enforce."

### C. *Court Resentences Appellant to Consecutive Sentences*

Nine months later, on January 30, 2020, the trial court held the resentencing hearing. In arguing that the court should resentence appellant to concurrent sentences, appellant's counsel noted that appellant was "an older gentleman who . . . had no prior history or prior record," and that a sentence of even 50 years to life would be "virtually a life without parole sentence," which was "supposed to be reserved for the worst of the worst."[1] Counsel therefore requested that the court impose concurrent sentences "to come up with a sentence of 25 to life." The court responded that the "victims, who were six and ten years old, . . . were all particularly vulnerable (Rule of Court [4.]421(a)(3)), [appellant had a] special trust and confidence position ([Rule of Court] 4.421 (a)(11)), [and these were] independent

---

[1] Appellant was 62 years old at the time of resentencing.

4

crimes, different times, different places, [with a] common scheme or plan. [¶] All of those taken together, certainly, in the court's mind, would not lead to concurrent sentences. I think consecutive sentences are particularly appropriate in this case. I know the numbers get huge." The court resentenced appellant to a total of 105 years to life, consisting of 15 years to life for each of his eight convictions, with the sentence on count four to run concurrently with the other sentences, but the remaining sentences to run consecutively.[2]

No argument was raised regarding the imposition of fines and fees, and the court imposed fines and fees in the same amounts it had ordered previously, including the $10,000 restitution fine. The court noted there was a "new and different" request for victim restitution in the amount of $3,321 for claims paid out to appellant's victims, and appellant stipulated to that amount. Appellant timely appealed.

---

[2] The court originally resentenced appellant to 15 years to life for each of the eight counts, but when appellant pointed out this would result in a sentence longer than the one appealed from, the court ordered the sentence on count four to run concurrently.

5

## DISCUSSION

### A. *The Court Did Not Abuse Its Discretion in Imposing Consecutive Sentences*

"[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 374-375.) "'The burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary.'" (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977.)

Appellant argues that "the court's failure even to acknowledge the impact of consecutive sentencing on appellant's ability ever to be granted parole during the remainder of his lifetime, in light of appellant's age of 62 years, was an abuse of the court's discretion" because it shows the court "failed to adequately consider appellant's age of 62 years as a mitigating factor." We disagree.

First, the record demonstrates the court acknowledged the impact on appellant of consecutive sentencing. Specifically, after appellant's request that he receive a sentence of 25 years to life because a longer sentence would be the equivalent of a life sentence without the possibility of parole for someone his age, the court responded that the victims' youth and vulnerability, appellant's position of trust and confidence when he molested them, and the fact that these were independent crimes occurring in different times and places but with a common plan, were all factors that

6

"would not lead to concurrent sentences." Recognizing that "the numbers get huge," the court nevertheless opined that "consecutive sentences are particularly appropriate in this case." Because the court's statement was made in response to appellant's concern about the possibility of parole, it can only reasonably be interpreted as an expression of the court's belief that consecutive sentences were warranted, even if they rendered appellant functionally ineligible for parole due to his age. Such a decision is neither irrational nor arbitrary.

In his reply brief, appellant argues that the court's remark regarding "huge" numbers did not indicate the court was considering appellant's age, "because the numbers would have been huge regardless of any defendant's age." The argument takes the court's remark out of context. Appellant never suggested the court should sentence him to concurrent sentences because a sentence of 105 years to life was too lengthy in and of itself. Rather, appellant argued the sentence was too long because he was an "older gentleman." Therefore, the court's statement that it knew the "numbers get huge" is fairly interpreted as a recognition that this was a lengthy sentence to impose on a 62-year-old defendant, but that the court considered it justified by the facts of the case.

Moreover, even had the court not responded directly to appellant's argument regarding his age, this would not demonstrate error. A "court is presumed to have considered all of the relevant factors in the absence of an affirmative

record to the contrary." (*People v. Myers* (1999) 69 Cal.App.4th 305, 310.) Indeed, appellant implicitly acknowledges this when he argues not that the court failed to consider appellant's age, but that it did not "adequately" consider it. The weight to be given to this factor, however, was within the court's discretion. We discern no abuse of that discretion.

### B. *Appellant Forfeited His Arguments Regarding Fines and Fees*

Appellant admits he "did not object to the imposition of fines and fee[s] at the resentencing hearing," but contends he nevertheless should be permitted to raise this issue on appeal because "it would have been futile for the defense to object, in light of the trial court's earlier ruling denying appellant's in propria persona request and finding that 'no substantial right' was implicated in the imposition of the restitution fine." We disagree.

The record discloses that at appellant's original sentencing, the court imposed various fines and fees, including a $10,000 restitution fine, without objection. Our opinion vacating that sentence vacated those fines and fees. (See *People v. Buycks* (2018) 5 Cal.5th 857, 893 ["[W]hen part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances'"].)

Several weeks after we issued our remittitur but nine months before any new fines were reimposed, appellant filed a motion to waive or modify the $10,000 restitution fine initially imposed, citing indigency and the excessiveness of the fine. At this point, however, there was no restitution fine to waive or modify. Thus, the court correctly denied it, finding there to be "no substantial right the defendant is attempting to enforce." The court's order contained no preemptive finding that appellant was not indigent or that the fine was not excessive, and nothing in it discouraged appellant from renewing his challenge to any fine actually imposed at resentencing.

When the resentencing hearing occurred, however, appellant voiced no objection to any of the fines or fees. In fact, he stipulated to the newly determined amount of $3,321 of victim restitution. He has thus forfeited any argument that the fines and fees were wrongly imposed. (See *People v. Torres* (2020) 47 Cal.App.5th 984, 990-991 [failure to object on grounds of indigency forfeits issue on appeal]; *People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1153-1155 [same]; see also *People v. Benson* (1990) 52 Cal.3d 754, 786, fn. 7 [failure to object to alleged Eighth Amendment error forfeits issue on appeal].)

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MANELLA, P. J.

We concur:

WILLHITE, J.

COLLINS, J.